# United States District Court
# Central District of Illinois
# Rock Island Division

June M. **Schindler**, a citizen of Iowa, Plaintiff,

vs.

**Canfield Enterprises**, Inc. dba Bud's Skyline Inn, an Illinois corporation, Defendant.

No. 4:14-CV-4006

January 12, 2014.

## Complaint and Demand for Jury Trial

Ralph H. Heninger and Ralph W. Heninger (lead counsel), Heninger and Heninger, P.C., 101 W. 2nd Street, Suite 501, Davenport, Iowa 52801-1815, Phone: 563-324-0418, Fax: 563-324-5808, RHH@HeningerLaw.com, RWH@HeningerLaw.com, Attorneys for Plaintiff.

Plaintiff, June M. Schindler, for her complaint against Defendant, Canfield Enterprises, Inc. doing business as Bud's Skyline Inn, states:

### Jurisdictional Allegations

1.      Plaintiff, June M. Schindler is, and at all times material to the allegations in this complaint has been, a resident of Davenport, Scott County, Iowa.

2.      Defendant, Canfield Enterprises, Inc. dba Bud's Skyline Inn, is an Illinois business corporation organized under the laws of the state of Illinois and is, and at all times material to the allegations in this complaint has been, doing business in the city of Moline, Rock Island County, Illinois at 2621 Airport Drive.

3.      This matter arises from grave personal injuries to June M. Schindler where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states, to wit: citizens of the states of Iowa and Illinois.

4.     This Court has jurisdiction pursuant to 28 U.S.C. § 1332 based on diversity of citizenship and the amount in controversy exceeding $75,000.

**Allegations of Defendant's and Defendant's Employees' Negligence**

5.     At all times material to the allegations in this complaint, the Defendant, Canfield Enterprises, Inc., owned the real estate and operated a restaurant business on such real estate known as Bud's Skyline Inn located at 2621 Airport Drive, Moline, Rock Island County, Illinois.

6.     On April 27, 2013 the Plaintiff, June M. Schindler, travelled from Davenport, Iowa to Bud's Skyline Inn restaurant for the purpose of having dinner and paying for a meal to be prepared and served by employees of the Defendant, Canfield Enterprises, Inc. doing business as Bud's Skyline Inn.

7.     The Plaintiff, June M. Schindler, arrived at Bud's Skyline Inn at approximately 7:20 p.m. on April 27, 2013.

8.     At approximately 7:35 p.m. on April 27, 2013 a hostess employed by the Defendant at Bud's Skyline Inn notified the Plaintiff, June M. Schindler, that a table was prepared for her and her companion, Paul J. Snell.

9.     Immediately thereafter the hostess directed Paul J. Snell and the Plaintiff, June M. Schindler, to follow her to the table that had been prepared for them for dining purposes.

10.    In a darkened, poorly lit walk-way area of Bud's Skyline Inn, while being hastily led by the hostess, the Plaintiff, June M. Schindler, who was walking behind the hostess, tripped and fell over a food tray table that had been folded and positioned against a wall in the walk-way situated out of the Plaintiff's line of sight.

11.    The placement of the tray stand was also obscured by the poor lighting conditions in the retail space owned and operated by the Defendant as a public restaurant.

12.    The actions of the hostess who was leading the Plaintiff in a hasty manner in crowded conditions, the poor lighting conditions, combined with the unsafe placement of the folded tray stand against the wall in an obscured, patron walk-way area, created an unreasonable risk of harm and injury to customers and patrons of Bud's Skyline Inn, including the Plaintiff, June M. Schindler.

13. At the time she tripped and fell over the folded tray stand at Bud's Skyline Inn on April 27, 2013, the Plaintiff, June M. Schindler, was walking in normal and prudent manner, having due regard for looking out for her own safety and she was wearing proper footwear to avoid injury to herself.

14. The Defendant and its unknown employees acted unreasonably by creating unsafe walking conditions in the patron walk-way at Bud's Skyline Inn at the time the Plaintiff tripped and fell over the folded tray stand by failing to provide a safe level of lighting to enable customers and patrons of the restaurant such as the Plaintiff to observe potential hazards in the walk-way area.

15. The Defendant and its unknown employees acted unreasonably by creating unsafe walking conditions in the patron walk-way at Bud's Skyline Inn at the time the Plaintiff tripped and fell over the folded tray stand by placing the folded tray stand in a darkened area of the uneven walk-way area.

16. The Defendant and its unknown employees acted unreasonably by creating unsafe walking conditions in the patron walk-way at Bud's Skyline Inn at the time the Plaintiff tripped and fell over the folded tray stand by placing a folded tray stand in a walk-way area where a customer or patron, such as the Plaintiff, June M. Schindler, could not see and avoid tripping over the folded tray stand that had been placed against the wall.

17. The Defendant and its unknown employees acted unreasonably by creating unsafe walking conditions in the patron walk-way at Bud's Skyline Inn at the time the Plaintiff tripped and fell over the folded tray stand by failing to maintain and use a place for storing tray stands outside of the walk-way areas where customers and patrons, such as the Plaintiff, June M. Schindler, would not be exposed to the hazard from tripping over a folded tray stand placed against a wall.

18. The Defendant and its unknown employees acted unreasonably by failing to comply with restaurant industry standards, including but not limited to: (1) National Safety Council Safety Data Sheet 495, "Falls on Floors" of 2009 and (2) Best's Underwriting Guide for Restaurants, published in January 1999.

19. The Defendant and its unknown employees acted unreasonably by failing to comply with the city of Moline ordinance pertaining to the construction of public buildings including but not limited to International Fire Code (IFC), The International Property Maintenance Code (IPMC) and the Life Safety Code (NFPA 101).

20. After tripping over the folded tray stand at Bud's Skyline Inn on April 27, 2013, the Plaintiff fell face first and down to the floor, striking her head and other parts of her body on a nearby table and the floor.

21. As a direct result from falling to the floor the Plaintiff, June M. Schindler sustained numerous, severe injuries to her mind and body, including but not limited to:

   a. C1-C4 spinal cord injury (dens fracture) with central cord syndrome.
   b. Fractures of nasal bones.
   c. 5th metacarpal bone fracture.
   d. Maxillian sinusitis.
   e. Decubitus ulcer.
   f. Adverse and unpleasant side effects from medications, including but not limited to narcotic pain medications.
   g. Extreme pain.
   h. Extreme mental anguish.
   i. Loss of function of the mind and body.
   j. Extreme fright.
   k. Aggravation of her pre-existing morbidities including but not limited to hypertension.
   l. Other injures as indicated in the medical records maintained by the Plaintiff's treating physicians and health care providers such as UnityPoint Health – Trinity Medical Center, ORA Orthopedics P.C. – Jason Clark M.D., Genesis Visiting Nurse Association, Anthony H. Kwan M.D., and Srinivasan Purighalla M.D.

22. The Plaintiff, June M. Schindler, has incurred substantial medical and other health care costs and expenses to treat her injuries described in paragraph 21 and these costs and expenses as of the date of filing this complaint exceed $75,000 and will escalate into the future on a daily basis.

23. The Plaintiff, June M. Schindler, has incurred substantial expenses and will incur substantial expenses in the future to enable her to resume residing at her residence in Davenport, Iowa, to receive assistance at her residence and outside of her residence with her activities of daily living and to receive other care and services at her residence and outside of her residence including but not limited to physical therapy, occupational therapy, assisted living and skilled nursing care.

24. The injuries and damages described in paragraphs 21, 22, and 23 were

proximately caused by the unreasonable acts and omissions of the Defendant and the Defendant's employees who were, at the time of the injuries and damages to the Plaintiff, June B. Schindler, acting within the scope of their employment duties.

25. The Plaintiff, June M. Schindler, requests a trial by jury.

Wherefore, the Plaintiff, June M. Schindler, prays that court enter a judgment in favor of the Plaintiff in such amounts as the jury deems proper (with items a through h listed below at least equal to $1,000,000) for her:

    a. past and future pain and suffering,
    b. disfigurement,
    c. disability,
    d. past and future loss of a normal life,
    e. increased risk of future harm,
    f. emotional distress,
    g. reasonable expense of past and future necessary medical care, treatment, and services,
    h. reasonable and necessary past and future caretaking expenses,
    i. the costs of this cause of action,
    j. interest as allowed by law, and
    k. such other and further relief and the court deems just and fair under the premises.

            HENINGER AND HENINGER, P.C.

            s/ Ralph H. Heninger
            _____
            Ralph H. Heninger
            RHH@Heningerlaw.com

            s/ Ralph W. Heninger
            _____
            Ralph W. Heninger (lead counsel)
            RWH@Heningerlaw.com
            Attorneys for the Plaintiff, June M. Schindler
            101 West Second Street, Suite 501
            Davenport, Iowa 52801-1815
            (563) 324-0418 office
            (563) 324-5808 fax